J-S64025-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| KEVIN MICHAEL SOJACK, | |
| Appellant | No. 705 MDA 2017 |

Appeal from the Judgment of Sentence April 4, 2017
In the Court of Common Pleas of Luzerne County
Criminal Division at No(s): CP-40-CR-0001156-2016, CP-40-CR-0001157-2016, CP-40-CR-0001158-2016, CP-40-CR-0001159-2016, CP-40-CR-0001160-2016, CP-40-CR-0001468-2016

BEFORE: PANELLA, SHOGAN, and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.:                    **FILED NOVEMBER 02, 2017**

Kevin Michael Sojack ("Appellant") appeals from the judgment of sentence entered in the Court of Common Pleas of Luzerne County on April 4, 2017. Appellant's counsel has filed an application to withdraw his representation and a brief pursuant to **Anders v. California**, 386 U.S. 738 (1967), and **Commonwealth v. Santiago**, 978 A.2d 349 (Pa. 2009), which govern a withdrawal from representation on direct appeal. Appellant has not filed a response to counsel's petition. After careful review, we grant counsel's petition to withdraw and affirm the judgment of sentence.

---

[*] Former Justice specially assigned to the Superior Court.

Appellant was charged with multiple drug-related offenses arising from incidents occurring in December 2015, January 2016, and March 2016. Trial Court Opinion, 6/27/17, at 1. He pled guilty on February 7, 2017, to three counts of delivery of a controlled substance and three counts of criminal conspiracy related to possession with intent to deliver a controlled substance.[1] *Id.* The trial court sentenced Appellant on April 4, 2017, to incarceration for an aggregate term of six years to fifteen years. Appellant did not file post-sentence motions. *Id.* at 2. On April 13, 2017, he filed a notice of appeal, and the trial court appointed appellate counsel. *Id.* Both Appellant and the trial court complied with Pa.R.A.P. 1925.

Before we address the merits of this appeal, we first must resolve appellate counsel's request to withdraw. ***Commonwealth v. Cartrette***, 83 A.3d 1030, 1032 (Pa. Super. 2013) (*en banc*). There are procedural and briefing requirements imposed upon an attorney who seeks to withdraw on direct appeal. The procedural mandates are that counsel must:

> 1) petition the court for leave to withdraw stating that, after making a conscientious examination of the record, counsel has determined that the appeal would be frivolous; 2) furnish a copy of the brief to the defendant; and 3) advise the defendant that he or she has the right to retain private counsel or raise additional arguments that the defendant deems worthy of the court's attention.

*Id.* at 1032 (citation omitted).

---

[1] 35 P.S. § 780-113(a)(30) and 18 Pa.C.S. § 903, respectively.

In this case, counsel has satisfied those directives. Within his petition to withdraw, counsel averred that he conducted a thorough review of Appellant's case and determined that the appeal would be frivolous. Counsel sent Appellant a copy of the **Anders** brief and petition to withdraw, as well as a letter, a copy of which is attached to the petition. In the letter, counsel advised Appellant that he could either represent himself on appeal or retain private counsel to represent him.

We now examine whether the brief satisfies the Supreme Court's dictates in **Santiago**, which provide that:

> in the **Anders** brief that accompanies court-appointed counsel's petition to withdraw, counsel must: (1) provide a summary of the procedural history and facts, with citations to the record; (2) refer to anything in the record that counsel believes arguably supports the appeal; (3) set forth counsel's conclusion that the appeal is frivolous; and (4) state counsel's reasons for concluding that the appeal is frivolous. Counsel should articulate the relevant facts of record, controlling case law, and/or statutes on point that have led to the conclusion that the appeal is frivolous.

**Santiago**, 978 A.2d at 361.

Counsel's brief is compliant with **Santiago**. It sets forth the factual and procedural history of this case, outlines pertinent case authority, cites to the record, and refers to an issue of arguable merit. **Anders** Brief at 4–6. Further, the brief sets forth counsel's conclusion that the appeal is frivolous and the reasons for counsel's conclusion. **Id.** at 6–7. "Therefore, we now have the responsibility to make a full examination of the proceedings and make an independent judgment to decide whether the appeal is in fact

- 3 -

wholly frivolous." *Commonwealth v. Tukhi*, 149 A.3d 881, 886 (Pa. Super. 2016) (citation and internal quotation marks omitted).

In the *Anders* brief, counsel presents a single issue for our consideration: "Whether the trial court abused its discretion in sentencing Appellant." *Anders* Brief at 1. This issue challenges the discretionary aspects of his sentence. We note that "[t]he right to appellate review of the discretionary aspects of a sentence is not absolute." *Commonwealth v. Zirkle*, 107 A.3d 127, 132 (Pa. Super. 2014). Rather, where an appellant challenges the discretionary aspects of a sentence, the appeal should be considered a petition for allowance of appeal. *Commonwealth v. W.H.M.*, 932 A.2d 155, 163 (Pa. Super. 2007).

As we observed in *Commonwealth v. Moury*, 992 A.2d 162 (Pa. Super. 2010):

> An appellant challenging the discretionary aspects of his sentence must invoke this Court's jurisdiction by satisfying a four-part test:
>
> > We conduct a four-part analysis to determine: (1) whether appellant has filed a timely notice of appeal, see Pa.R.A.P. 902 and 903; (2) whether the issue was properly preserved at sentencing or in a motion to reconsider and modify sentence, see Pa.R.Crim.P. [708]; (3) whether appellant's brief has a fatal defect, Pa.R.A.P. 2119(f); and (4) whether there is a substantial question that the sentence appealed from is not appropriate under the Sentencing Code, 42 Pa.C.S.A. § 9781(b).

*Id.* at 170 (citing *Commonwealth v. Evans*, 901 A.2d 528, 533 (Pa. Super. 2006)). The determination of whether there is a substantial question

- 4 -

is made on a case-by-case basis, and this Court will grant the appeal only when the appellant advances a colorable argument that the sentencing judge's actions were either: (1) inconsistent with a specific provision of the Sentencing Code; or (2) contrary to the fundamental norms which underlie the sentencing process. **Commonwealth v. Sierra**, 752 A.2d 910, 912–913 (Pa. Super. 2000).

Herein, the first requirement of the four-part test is met: Appellant brought a timely appeal. Notice of Appeal, 4/13/17. As for the second requirement, we are constrained to agree with the position taken by both appellate counsel and the trial court that Appellant failed to preserve this challenge at the time of sentencing or in a post-sentence motion. **Anders** Brief at 7; Trial Court Opinion, 6/27/17, at 3–4.[2] Because Appellant's sentencing issue was not raised in any manner, we conclude that Appellant has waived it. **Moury**, 992 A.2d at 170.[3]

Finally, we have independently reviewed the record in order to determine if appellate counsel's assessment about the frivolous nature of the present appeal is correct. **Tukhi**, 149 A.3d at 886; **see also**

---

[2] Although the Commonwealth did not file a brief, it "agrees with Appellant's counsel that the issues presented are frivolous and without merit," and "relies upon the Opinion prepared by the Court of Common Pleas." Commonwealth Letter, 9/18/17.

[3] Because Appellant's petition for allowance of appeal fails on the second prong, we need not address the third and fourth requirements.

***Commonwealth v. Flowers***, 113 A.3d 1246, 1250 (Pa. Super. 2015) (after determining that counsel has satisfied the technical requirements of ***Anders*** and ***Santiago***, this Court must conduct an independent review of the record to determine if there are additional, non-frivolous issues overlooked by counsel). After review of the issue raised by counsel and our independent review of the record, we conclude that an appeal in this matter is frivolous. Accordingly, we grant appellate counsel permission to withdraw and affirm the judgment of sentence.

Application to withdraw granted. Judgment of sentence affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 11/2/2017